UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00066-CMS |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff Joshua Evans' Social Security Complaint and Brief brought pursuant to 42 U.S.C. § 405(g) (Docs. 1, 10). For the reasons stated herein, the Court reverses and remands.

**BACKGROUND**

**I. Five-Step Analysis Used by the Social Security Commissioner**

When reviewing a claim under 42 U.S.C. § 405(g), the Commissioner applies a five-step sequential test. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Teabeau v. Kijakazi*, No. 4:21-cv-703-NCC, 2022 WL 4598672, at *2 (E.D. Mo. Sep. 30, 2022) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)). "The claimant has the burden of proof to show [he] is disabled through step four," with the burden of production shifting to the Commissioner at Step Five. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). "The ultimate burden of persuasion to prove disability, however, always remains with the claimant." *Young v. Apfel*, 221 F.3d 1065,1069 n.5 (8th Cir. 2000).

The first step is an evaluation of whether the claimant is engaging in work activity and whether any such work constitutes "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* Second, the Commissioner must examine the evidence to determine whether the claimant suffers from a severe "impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing 20 C.F.R. § 416.920(c)). Third, the Commissioner evaluates the severity of the impairment, and if the impairment crosses a threshold set forth in the regulations, the claimant is disabled. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the impairment is found to be severe but does not meet the threshold required for a presumptive finding of disability in Step Three, the Commissioner assesses the claimant's "residual functional capacity" (RFC) to perform sustained work based on the evidence in the record. *See* Sections 416.920(e), 416.945; *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996) (stating the SSA's policy interpretations regarding the RFC assessment). Following the determination of the claimant's RFC, the Commissioner assesses whether the claimant can perform the requirements of his past relevant work. 20 C.F.R. § 416.920(f). If so, the claimant is not disabled. *Id.*

Finally, at Step Five, the Commissioner determines whether the claimant can make adjustment to other work, given the claimant's RFC, age, education, and work experience. Section 416.920(a)(4)(v). If the claimant can make such adjustment, he is not disabled. *Id.* Further, if a claimant reaches Step Five, the Social Security Administration must meet a limited burden of providing evidence "that other work exists in significant numbers in the national economy that [claimant] can do." Section 416.960(c)(2).

## II. Factual Background

Plaintiff resides in Dunklin County, Missouri. (Doc. 1 at 1). On December 26, 2023, Plaintiff filed an application for disability insurance benefits under Title II and Title XVI of the Social Security Act. *Id.* at 2. Plaintiff suffers from chronic migraines and dizzy spells. (Doc. 9-1 at 40).

The ALJ held a hearing on January 24, 2025, and issued a decision on March 20, 2025. *Id.* at 145, 17. The ALJ found in Step One that Plaintiff had not been engaged in substantial gainful activity since the onset of his disability, in Step Two that Plaintiff has the severe condition of migraines, and in Step Three that the migraines did not meet the threshold for an automatic finding of disability. *Id.* at 19–22.

In Step Four, the ALJ found that Plaintiff has the RFC "to perform a full range of work at all exertional levels" except for the following "nonexertional limitations: He can do occasional climbing of ladders, ropes, or scaffolds. He should avoid exposure to vibrations, and hazards, such as unprotected heights and dangerous machinery. He should avoid exposure to concentrated fumes, odors, dusts, gases and poor ventilation. He should avoid loud noise work environments." *Id.* at 22. Finally, in Step Five, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a truck driver because it "had a medium exertion level" that Plaintiff "could not perform . . . with the [RFC] limitations." *Id.* at 24. The ALJ found, citing testimony of the vocational expert, that Plaintiff could "perform the requirements of representative occupations" such as a "routing clerk . . ., dining room attendant . . ., [and] price marker . . . ." *Id.* at 25. The ALJ concluded that, given Plaintiff's RFC, age, education, work experience, and ability to perform other jobs that existed in significant numbers in the national economy, he is not disabled. *Id.*

**III. Procedural Background**

Plaintiff filed his Complaint on March 25, 2026. (Doc. 1). Defendant Frank J. Bisignano, Commissioner of the Social Security Administration, filed the Certified Social Security Transcript on May 26, 2026. (Doc. 9). Plaintiff filed his Social Security Brief on June 25, 2026, challenging the administrative law judge's (ALJ) determination that Plaintiff was "not disabled within the meaning of the Social Security Act and thus he was not entitled to benefits." (Doc. 10 at 1). Plaintiff's sole argument is that the "ALJ failed to properly consider [Plaintiff]'s severe migraine impairment and its resulting limitations . . . ." *Id.* at 2. Defendant filed his Social Security Cross Brief on August 18, 2026, arguing the "ALJ properly evaluated Plaintiff's migraines." (Doc. 13 at 2).

**LEGAL STANDARD**

The Court will affirm the decision of an ALJ "'if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole.'" *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014)). In other words, the factual findings of the Commissioner are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405; *see also Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The United States Supreme Court identifies "substantial evidence" as a term of art and directs a court applying that standard to identify whether there is "sufficient evidence" in the existing administrative record "to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019).

The standard for substantial evidence is not high. *Id.* at 103. "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court further defines "more than a mere scintilla" as meaning only that there must

be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

Alleged legal error by the ALJ is reviewed *de novo*. *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011). "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020) (citing *Collins*, 648 F.3d at 871) (internal quotations omitted).

Furthermore, while the Court "must consider evidence in the record that fairly detracts from, as well as supports" the agency decision, the Court will not reverse an agency decision "merely because [it] find[s] that substantial evidence exists in the record that would have supported a contrary outcome." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (internal quotations omitted). Instead, the Court "will disturb the [ALJ's] decision only if it falls outside the available zone of choice." *Bonham v. Bisignano*, 177 F.4th 934, 940 (8th Cir. 2026) (quotations omitted) (alteration in original).

**DISCUSSION**

Plaintiff argues the ALJ erred by mischaracterizing and over-relying on certain evidence in discounting Plaintiff's testimony about his migraines. He also argues that the RFC assessment is "unsupported by substantial evidence as it relates to migraine headaches." (Doc. 10).

Plaintiff alleges "[t]he ALJ's decision discounted [his] symptom allegations primarily because neurologic exams and EEG/MRI were 'unremarkable.'" *Id.* at 3. The Court's review of the record reveals the ALJ improperly relied on objective tests unrelated to migraine diagnoses. For example, the ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms "inconsistent because physical exams revealed generally unremarkable findings, and brain MRIs were negative." (Doc. 9-1 at 23). The ALJ stated Plaintiff "had chronic

daily headaches that were diagnosed as intractable chronic migraines without aura and with status migraineurs" and noted that Plaintiff had physical examinations and tried various prescriptions. *Id.* Further, the ALJ briefly mentioned Plaintiff's migraines lasting "for several days," causing "dizziness, blurred vision, and vomiting, and falling on numerous occasions." *Id.* at 22. The ALJ also stated Plaintiff's migraines "allegedly occurred three to five days a week" and caused him to miss "several hours of work." *Id.*

The Court agrees that the ALJ improperly relied on the physical exams and objective testing in this case to discount Plaintiff's testimony in determining his RFC. "The regulations define RFC as the most an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will 'assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence' in the case. 20 C.F.R. § 404.1520(e)." *Williams v. Kijakazi*, No. 4:20-cv-1493-DDN, 2022 WL 823062, at *10 (E.D. Mo. Mar. 18, 2022).

The vocational expert in this case testified that, based on the ALJ's RFC findings, Plaintiff could obtain several other jobs in the national economy. (Doc. 9-1 at 48). The vocational expert also testified that an individual working one of those jobs would only be permitted to miss one day of work per month. *Id.* The ALJ did not address the fact that, based on the record evidence, Plaintiff's absenteeism would exceed the acceptable number of days stated by the vocational expert.

The ALJ seemingly failed to make "a meaningful provision for these effects in the RFC finding. The record evidence shows plaintiff cannot perform sustained work functions during [his] migraine headache episodes; therefore, the RFC would have had to reflect the need for absences." *Id.* (citing *Baker v. Apfel*, 159 F.3d 1140, 1146 (8th Cir. 1998) (excessive absenteeism caused by

impairment should be included in RFC and considered by vocational expert)). The ALJ did not include meaningful accommodation for Plaintiff's migraines in her RFC finding. *See* (Doc. 9-1 at 22) (finding Plaintiff can perform full range of work with the exception of climbing ladders and exposing himself to vibrations, heights, fumes, and loud noise, among other things).

The record also does not support the ALJ's determination that Plaintiff's statements were inconsistent with the evidence. The ALJ explicitly stated that Plaintiff's statements were "inconsistent because physical exams revealed generally unremarkable findings, and brain MRIs were negative." (Doc. 9-1 at 23). But there is not "a requirement that the severity of migraines be proven through objective clinical findings." *Williams*, 2022 WL 823062, at * 11; *see generally Migraine: Diagnosis & Treatment*, Mayo Clinic (July 8, 2025), https://www.mayoclinic.org/diseases-conditions/migraine-headache/diagnosis treatment/drc-20360207 [https://perma.cc/NE8F-H4VE] ("An MRI of the brain solely tells you about the structure of the brain but tells you very little about the function of the brain. And that is why migraine doesn't show up on an MRI. Because it's abnormal function in the setting of normal structure."). Also, the physical exams on which the ALJ based her conclusions reported that Plaintiff described the same symptoms of migraines and concluded that Plaintiff in fact experienced migraines. *See, e.g.*, *id.* at 329, 332, 334, 355–56, 404–07, 414–15 (each stating Plaintiff has headaches and diagnosing with migraines).

The ALJ also relied on various doctors' opinions at the initial state agency determination. *Id.* The ALJ stated that the agency findings were persuasive "because they are adequately supported by exams and imaging, and they are consistent with evidence overall . . . ." *Id.* But the exams and imaging the ALJ refers to are the same exams and imaging discussed *supra*, namely the MRI/EEG and the physical exams that are not contrary to Plaintiff's contentions in this case.

Thus, the Court concludes the ALJ erred in finding Plaintiff's migraine testimony inconsistent with the other record evidence, and substantial evidence does not support the ALJ's findings. *See Williams*, 2022 WL 823062.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **REVERSED** and **REMANDED** for reconsideration of Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income.

So ordered this 28th day of September 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE